IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND (BALTIMORE DIVISION)

| | | |
|---|---|---|
| SHOREGOOD WATER COMPANY, INC. *et al.*,| * | |
| PLAINTIFFS, | * | |
| v. | * | CASE NO. 1:08-CV-02470-RDB |
| US BOTTLING COMPANY, *ET AL.*, | * | |
| DEFENDANTS. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS VII THROUGH XI OF THE COMPLAINT AND MEMORANDUM IN OPPOSITION**

Plaintiffs ShoreGood Water Company, Inc., Dennis S. Kellough and Bonnie M. Kellough, by undersigned counsel, hereby oppose the relief sought by the Defendants in their *Motion to Dismiss Counts VII through XI of the Complaint* (the "Motion"), stating as follows:

**INTRODUCTION**

Defendants move to dismiss Counts VI through XI of the Complaint for failure to state a claim, claiming that a conflict of interest precludes the Plaintiffs' maintenance of a direct action against, and a derivative action on behalf of, US Bottling Company ("US Bottling"). The Defendants, collectively, argue that Dennis Kellough cannot adequately represent the interests of the shareholders of US Bottling in his derivative claims because he does not represent the interests of all of the shareholders of US Bottling.

Defendants mis-interpret the requirements of Fed. R. Civ. P. 23.1 by implying a requirement that a derivative plaintiff represent 'all' shareholders, when in fact the rule actually requires that a derivative plaintiff represent only those shareholders who are 'similarly situated' to him.

US Bottling has three, or possibly four, shareholders (if John T. Cecil, Jr. is in fact a shareholder). Dennis S. Kellough, as a derivative plaintiff, alleges that each of the other shareholders acted together to divert monies away from US Bottling, and to themselves directly, or to companies wholly owned by one or more of them. These wrongful acts by all of the other shareholders render Dennis S. Kellough the only shareholder so situated, and the only shareholder with any interest to pursue the company's rights. Under these circumstances, there cannot be a conflict of interest between the Plaintiffs' direct and derivative claims.

Defendants also seek to dismiss Count XI of the Complaint for breach of fiduciary duty on the grounds that Maryland does not recognize the independent tort of breach of fiduciary duty. Plaintiffs intend to move for leave to file their First Amended Complaint, which if granted will render this issue moot.

### FACTUAL AND PROCEDURAL BACKGROUND

Dennis S. Kellough and his wife, Bonnie M. Kellough established ShoreGood Water Company, Inc. ("ShoreGood") in 2002, as a manufacturer of bottled water products. In 2004, The Image Makers, Ltd. ("Image Makers"), a marketing and sales company owned by Defendants William G. Voelp and John David Cecil, approached ShoreGood about combining their efforts. Shortly thereafter, US Bottling was formed in order to manage the respective ShoreGood and Image Makers operations under one roof.

Dennis S. Kellough was not active in the management of US Bottling, and operations were largely managed by William G. Voelp, John David Cecil, later with the assistance of John T. Cecil, Jr. The US Bottling management approached Dennis S. Kellough and Bonnie M. Kellough on a number of occasions seeking additional funds to keep the company operating. Dennis S. Kellough and Bonnie M. Kellough contributed in excess of One Million Seven

Hundred Thousand Dollars ($1,700,000.00) to US Bottling, or to creditors on its behalf, between 2004 and 2008.

William G. Voelp, John David Cecil and John T. Cecil, Jr. refused Dennis S. Kellough access to US Bottling's books and records despite numerous requests.  Dennis S. Kellough later discovered that funds belonging to US Bottling were being diverted to Image Makers and/or to William G. Voelp, John David Cecil and John T. Cecil, Jr.  Shortly thereafter, in May of 2008, Dennis S. Kellough terminated the relationship between ShoreGood and US Bottling.  Dennis S. Kellough later learned that notwithstanding the termination of their business relationship and of US Bottling's ability to sell ShoreGood products, that US Bottling continued using ShoreGood's "Great Blue" trademark without authority.

Dennis S. Kellough, Bonnie M. Kellough and ShoreGood filed suit against US Bottling, Image Makers, William G. Voelp, John David Cecil and John T. Cecil in this Court on September 19, 2008, asserting derivative claims on behalf of US Bottling against each of the individual defendants and Image Makers to recover for US Bottling sums improperly paid or diverted to them, and for breaches of fiduciary duty.  Plaintiffs also assert direct claims against US Bottling and each of the individual defendants for various causes of action, including trademark infringement, unfair competition, accounting for the affairs of US Bottling and ShoreGood, appointment of a receiver to wind up US Bottling (which is apparently now defunct), and imposition of a constructive trust on funds in the Defendants' possession which are determined to belong to the Plaintiffs.  Defendants moved to dismiss the Complaint on October 27, 2008, asserting an alleged conflict precluding standing to bring derivative claims, and asserting that Count XI of the Complaint, a derivative claim for breach of fiduciary duty, fails to state a claim.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering such a motion, we accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Secretary of State for Defense v. Trimble Navigation, Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)(internal citations omitted).

## LEGAL ARGUMENT

**I.   Rule 12(b)(6)**

Defendants bring their Motion pursuant to Fed. R. Civ. P. 12(b)(6).  In *Heilbrunn v. Hanover Equities Corporation*, 259 F.Supp. 936, 939 (S.D.N.Y. 1966), a case in an identical procedural posture to this case, the district court held that if the counts of the complaint, taken independently, state causes of action, then the plaintiff has stated claims 'upon which relief may be granted,' and therefore has plead sufficiently to withstand a motion to dismiss for failure to state a claim. *Id.* at 939.

Other than with respect to Count XI of the Complaint, which will be addressed more fully below, Defendants' Motion fails to set forth a single argument as to why any of Counts VII through X fails to state a claim.  Defendants instead argue that a perceived conflict of interest arising from Plaintiff Dennis Kellough's simultaneous pursuit of direct and derivative claims deprives him of standing to pursue the derivative claims.[1]

---

[1] Plaintiffs do make the unsupported statement that "Of course, standing is one of the most fundamental requirements that a plaintiff must demonstrate in order to be entitled to relief.  If he does not have standing, he cannot state a claim." Motion at p. 3.

## II.     Representation of Similarly Situated Shareholders

Defendants argue that Dennis Kellough's economic antagonism toward the other shareholders of US Bottling renders him incapable of representing the interests of the shareholders in a derivative suit. Defendants neglect to mention that FED. R. CIV. P. 23.1 does not require that a shareholder bringing a derivative claim represent the interests of *all* shareholders, rather it merely requires that such shareholder represent the interests of all *similarly situated* shareholders.[2] "In appropriate circumstances, a single shareholder may be situated in a unique position and thus constitute a legitimate 'class of one.'" *Jordan v. Bowman Apple Products*, 728 F.Supp. 409, 412 (W.D.Va. 1990).

Given the nature of the claims in this case, there can be no doubt that Dennis Kellough is the only shareholder in his situation. Dennis Kellough is one of three shareholders of Defendant U.S. Bottling.[3] In the Complaint, Mr. Kellough claims that the other two shareholders, William G. Voelp and John David Cecil, acting in concert with the other Defendants, The Image Makers, Ltd. and John T. Cecil, Jr.,[4] breached their fiduciary duties and engaged in self dealing, all to the detriment of Mr. Kellough. Evaluating similar facts, the Supreme Court of Tennessee found no conflict of interest, holding that the plaintiff "is not attempting to represent the interests of any other shareholders. He is the only similarly situated shareholder. Shareholders may bring derivative and individual actions simultaneously." *Hall v. Hall*, 957 S.W.2d 536, 540 (Tenn. 1997)(citing *In re TransOcean Tender Offer Securities Litig.*, 455 F.Supp. 999, 1014 (N.D.Ill. 1978).

---

[2] Fed. R. Civ. P. 23.1(a).

[3] US Bottling does not appear to have ever had any organizational meeting, nor does it appear to have ever issued any stock, however upon information and belief, US Bottling is a *de facto* corporation with three equal 33.3% shareholders, Plaintiff Dennis S. Kellough and Defendants William D. Voelp and John David Cecil. Upon further information and belief, Defendant John T. Cecil, Jr. may have become a US Bottling shareholder at some point, however his ownership interest is not known to the Plaintiffs.

[4] Mr. Cecil may ultimately prove to be a shareholder of US Bottling, however Plaintiffs are unaware of any corporate records establishing or disproving his status as a shareholder.

### III. Dennis S. Kellough is not Per Se Barred from Maintaining Derivative and Direct Actions

Defendants argue that Dennis S. Kellough's direct action against US Bottling presents a conflict of interest that disqualifies him from suing derivatively on behalf of US Bottling. While the Defendants urge adoption of the *per se* rule enunciated in *Tuscano v. Tuscano*, 403 F.Supp. 2d 214 (S.D.N.Y. 2005), they recognize that a number of courts, "evidently a majority," (*Motion* at p. 7) hold that the rule is not absolute.

In *Heilbrunn* supra, the defendants urged the court to dismiss derivative claims brought by a plaintiff who also sued directly. The court, after noting that Rule 12(b)(6) is not an appropriate mechanism by which to raise this issue, held that "the [defendants'] claim of inconsistency and 'conflict of interests' cannot avail defendants at this stage. Such inconsistency in pleading is by now familiarly allowable in the federal courts." *Id.* at 939.

In *Bertozzi v. King Louie Int'l., Inc.*, 420 F.Supp. 1166 (D.R.I. 1976), the defendants argued that the derivative plaintiffs cannot maintain a derivative suit on behalf of, while also making a direct claim against, the company. The *Bertozzi* court noted that the defendants "fail to delve beneath the 'surface duality' created by such a two pronged attack [and] urge the [c]ourt to find that this procedural posture creates a per se conflict of interests." *Id.* at 1178  The *Bertozzi* court instead found that "[a]s to the role of plaintiffs as both 'friend' and 'enemy' to the corporation, this surface duality is in fact a routine matter in the courts." The *Bertozzi* court found no conflict of interest noting that "plaintiffs' success as to either action is equally contingent upon the proof of the same nucleus of facts [and therefore] they and their counsel can be expected to attack all fronts with equal vigor." *Id.* at 1180.

The direct/derivative conflict issue arose again in *In re Transocean*, in which the court held that it is "well-settled that shareholders have the right to bring direct and derivative actions

6

simultaneously." *Id.* at 1014 (citing *J.I. Case Co. v. Borak*, 377 U.S. 426 (1964) and *Yamamoto v. Omiya*, 564 F.2d 1319 (9th Cir. 1977)).  The *Transocean* court noted that "there is always a theoretical conflict of interest in situations where a plaintiff in a single lawsuit seeks redress not only on behalf of the corporation but also from the corporation . . . [n]evertheless, the great weight of authority rejects a *per se* rule prohibiting such representation, and simultaneous prosecutions have been permitted where the asserted 'antagonism' between the primary and derivative actions is merely a 'surface duality." *Id.* at 1014.

### IV.     Debt Interest does not Preclude Derivative Status

Defendants claim that a party cannot maintain a derivative suit on behalf of a company which owes the derivative plaintiff money.  In support, Defendants rely on *Owen v. Diversified Indus., Inc.* 643 F.2d 441 (6th Cir. 1981) and *Scopas Tech. Co. v. Lord*, 1984 WL 8266 (De. Ch. 1984), an unpublished Delaware chancery court opinion.  Each of these cases is distinguishable from this case.  In both *Owen* and *Scopas*, the respective courts found that the debt interest unique to the derivative plaintiff potentially put him at odds with the shareholders he purported to represent in the derivative action.[5]  In this case, Dennis S. Kellough's status as a 'legitimate class of one' removes any potential conflict that might arise were there other 'represented' shareholders.

### V.     Breach of Fiduciary Duty

Plaintiffs intend to file a motion for leave to file an amended complaint, which if granted will render this portion of Defendants' Motion moot.

---

[5] "In this situation [i.e. because of the plaintiff's debentures], we believe Owen could not fairly and adequately represent the interests of MDI's other shareholders." *Owen* at 443. "To determine whether a plaintiff should be disqualified from maintaining a derivative action under Chancery Rule 23.1, the Court must examine a number of factors to determine if the derivative plaintiff's interests are antagonistic to those of the other shareholders." *Scopas* at p. 2, citing *Youngman v. Tahmoush*, 457 A.2d 376 (De. Ch. 1983).

## CONCLUSION

The absurdity of Defendants' position is seen when it is carried to its logical conclusion. US Bottling has three shareholders. Two of the three shareholders induced the third, Mr. Kellough, to loan money to US Bottling to keep it running. These same two shareholders perpetrated wrongs against US Bottling, indirectly injuring Mr. Kellough, and which, arguably, only US Bottling has standing to pursue. The *per se* rule urged by the Defendants works a preclusion of either the Kelloughs' direct claims, or US Bottling's claims against its other two shareholders. The rule urged by the Defendants would force the Plaintiffs to choose between pursuing their direct claims against US Bottling and the other Defendants, or pursuing the corporation's claims against the other two shareholders as a derivative action. There is no person other than the Plaintiffs with standing to pursue, and/or an interest in pursuing, any of these claims, therefore if the Plaintiffs are forced to choose between the direct and derivative claims, the claims not chosen simply evaporate.

As the other courts addressing this issue have noted, the apparent conflict does not rise to the level of an actual conflict unless the conflicting interests prevent the derivative plaintiff from representing the interests of all similarly situated shareholders. In a case such as this, where there is but one similarly situated shareholder, there can never be a conflict between his direct and derivative claims.

**WHEREFORE**, Plaintiffs ShoreGood Water Company, Inc., Dennis S. Kellough and Bonnie M. Kellough respectfully request that the Court enter an Order:

a. Denying the Motion; and

b. Granting such other and further relief as is appropriate under the circumstances.

        /s/ Andrew L. Cole
Ralph Arnsdorf, Fed. Bar No. 03973
Andrew L. Cole, Fed. Bar No. 14865
Franklin & Prokopik, P.C.
The B&O Building
Two N. Charles St., Suite 600
Baltimore, MD 21201
Tel:  (410) 752-8700
Fax:  (410) 752-6868
rarnsdorf@fandpnet.com
acole@fandpnet.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that on this 13th day of November, 2008, a copy of the foregoing document, together with all exhibits and attachments, was served electronically *via* the Court's ECF system upon:

John A. Bourgeois, Esq.
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
Email - jbourgeois@kg-law.com

*Attorneys for Defendants*

        /s/ Andrew L. Cole
        Andrew L. Cole