IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND (BALTIMORE DIVISION)

SHOREGOOD WATER COMPANY, INC. *et al.*,*

        PLAINTIFFS,        *

V.        *      CASE NO. 1:08-CV-02470-RDB

US BOTTLING COMPANY, *ET AL.*,   *

        DEFENDANTS.      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

FIRST AMENDED COMPLAINT, REQUEST FOR INJUNCTIVE RELIEF,
REPLEVIN AND DETINUE OF PROPERTY
AND PETITION FOR DISSOLUTION AND APPOINTMENT
OF A RECEIVER FOR US BOTTLING COMPANY

Plaintiffs ShoreGood Water Company, Inc. ("ShoreGood"), Dennis S. Kellough, Bonnie

M. Kellough and Dennis S. Kellough *to the use of* US Bottling Company, by their attorneys

Ralph L. Arnsdorf, Andrew L. Cole and Franklin & Prokopik, P.C., hereby sue Defendants US

Bottling Company ("US Bottling"), The Image Makers, Ltd. ("Image Makers"), Mr. William G.

Voelp, Mr. John David Cecil and Mr. John T. Cecil, Jr., seek injunctive relief, replevin and

detinue of property, and pursuant to Md. Code Ann., Corps. & Assn's Art., § 3-413(c), seek

dissolution and appointment of a receiver for US Bottling Company, and for their causes of

action state as follows:

PARTIES

1.     Plaintiff ShoreGood is a corporation organized under the laws of the State of

Maryland with its principal place of business in Caroline County, Maryland.

2.     Plaintiff Dennis S. Kellough is an individual residing in Anne Arundel County,

Maryland.

3.      Plaintiff Bonnie M. Kellough is an individual residing in Anne Arundel County, Maryland.

4.      Upon information and belief, Defendant US Bottling is a *de facto* corporation under the laws of the State of Maryland, with its principal place of business in Baltimore County, Maryland.

5.      Defendant Image Makers is a corporation organized under the laws of the State of Maryland, with its principal place of business in Baltimore County, Maryland.  Upon information and belief, Defendant Image Makers has forfeited its corporate charter for failure to file personal property tax returns.

6.      Defendant William G. Voelp is an individual residing in Anne Arundel County, Maryland.

7.      Defendant John David Cecil is an individual residing in Anne Arundel County, Maryland.

8.      Defendant John T. Cecil, Jr. is an individual residing in Frederick County, Maryland.

<u>JURISDICTION AND VENUE</u>

9.      This Court has subject matter jurisdiction over the claims raised in this action pursuant to the Lanham Act and related claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

10.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all claims arising under state law because these claims are so related to Plaintiffs' federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

2

11.     This Court may exercise personal jurisdiction over the defendants because, among other reasons, each of the Defendants resides in this District.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as each Defendant resides in this District.

### FACTS COMMON TO ALL COUNTS

13.     Plaintiffs Dennis and Bonnie Kellough, a husband and wife, established Plaintiff ShoreGood in 2002, and opened its doors in 2003 as a bottled water manufacturing company.

14.     The ShoreGood manufacturing facility is built on land owned by Dennis S. Kellough, LLC ("DSK").

15.     Plaintiff ShoreGood developed a process for manufacturing bottled drinking water which tasted better than competing products in the marketplace.

16.     From 2003 through early 2005, ShoreGood manufactured and shipped bottled water for several private label customers, however as of the end of 2004, the business had yet to turn a profit.

17.     In August of 2004, Defendants William G. Voelp and John David Cecil, owners of Defendant Image Makers, approached ShoreGood and its owners, the Kelloughs, about entering into a joint venture.

18.     Image Makers represented itself to ShoreGood and the Kelloughs as having a customer base for ShoreGood product, but no manufacturing facility, seemingly a perfect fit for ShoreGood, which had a manufacturing facility but needed customers.

19.     Image Makers, ShoreGood and DSK signed an "Agreement in Principal," on September 16, 2004, a copy of which is attached hereto as Exhibit 1.

20.     The Agreement in Principal essentially provided that Image Makers, ShoreGood and DSK would combine operations, with John David Cecil, William G. Voelp and Dennis Kellough as co-equal "partners," sharing the profits and losses of the combined business operations.

21.     The Agreement in Principal explicitly stated that it was 'subject to final legal documentation,' however Image Makers, ShoreGood and DSK never formally memorialized their final agreement or accomplished any merger transaction.

22.     Notwithstanding the lack of a definitive agreement, Defendants John David Cecil and William G. Voelp organized US Bottling in January of 2005 by filing articles of incorporation, and from that point forward proceeded to manage the ShoreGood and Image Makers businesses under Defendant US Bottling.

23.     Upon information and belief, US Bottling was never properly organized, however Defendants John David Cecil and William G. Voelp have held it out as a corporation and exercised corporate powers on its behalf.

24.     Due to personal issues wholly unrelated to the ShoreGood business, the Kelloughs left management of the US Bottling business largely in the hands of Defendants John David Cecil and William G. Voelp.

25.     During a January, 2005, meeting, Defendants John David Cecil and William G. Voelp informed Plaintiffs Dennis and Bonnie Kellough that Defendant US Bottling required additional funds in order to continue operating.

26.     As a result of the parties January 2005 meeting, Plaintiffs Dennis and Bonnie Kellough mortgaged several of their properties and in early 2005 loaned mortgage proceeds totaling approximately $350,000.00 to Defendant US Bottling.

27.     Upon information and belief, in January of 2005, Defendant John T. Cecil, Jr., a licensed C.P.A., came on full time with US Bottling, and loaned the company an additional $80,000.00, which upon further information and belief, he may have subsequently converted to stock in US Bottling.

28.     From January, 2005 onward, Defendants John David Cecil, William G. Voelp and John T. Cecil, Jr. operated US Bottling, which in turn managed ShoreGood as a break even company.

29.     In return for turning over management of ShoreGood to US Bottling, US Bottling was to ensure that all ShoreGood expenses, including but not limited to payroll, rent/mortgage and taxes, were promptly paid.

30.     By mid-2005, US Bottling, citing cash flow problems, ceased making the mortgage and tax payments owed by ShoreGood.  In order to avoid foreclosure, the Kelloughs paid ShoreGood's obligations current out of personal funds, and thereafter continued paying certain ShoreGood expenses.

31.     In January of 2006, Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr., once again met with Plaintiffs Dennis and Bonnie Kellough and once again informed the Kelloughs that US Bottling needed additional funds in order to continue in business.

32.     The Kelloughs approached acquaintances of theirs, William K. and Margaret B. Blanchet, about extending a loan to US Bottling, and in May of 2006, the Blanchets loaned US Bottling $300,000.00 pursuant to a "Confessed Judgment Promissory Note" (the "Note") dated May 18, 2006, signed by the Defendants, DSK, ShoreGood and Dennis S. Kellough.  A copy of the Note is attached hereto as Exhibit 2 and incorporated as though fully set forth herein.

33.     In January of 2007, Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr. met with Plaintiffs Dennis and Bonnie Kellough once again, and once again informed the Kelloughs that US Bottling required additional funds if it was to continue in operation.

34.     In response to the parties' January 2007 meeting, Plaintiffs Dennis and Bonnie Kellough came up with approximately $200,000.00 in cash, which they lent to US Bottling in January of 2007.

35.     In addition to loaning US Bottling additional cash in 2007, the Kelloughs made payments totaling approximately $700,000.00 on behalf of US Bottling and ShoreGood for expenses such as mortgage payments and taxes, bringing the Kelloughs' loans to US Bottling to an amount in excess of $1,500,000.00.

36.     The Kelloughs became more involved in the management of US Bottling and ShoreGood in 2007, at which time they noticed irregularities in the companies' bookkeeping and management practices; these irregularities included depositing of checks payable to US Bottling into an account maintained by Defendant Image Makers, discrepancies between the books of the respective companies, the company's lease of vehicles which it did nor and/or could not use, the companies' purchase of equipment that it could not use, and other red flags leading the Kelloughs to question the management practices of Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr.

37.     The Kelloughs repeatedly requested full access to US Bottling and Image Makers' books and records, however the Defendants denied all requests, or produced only partial information.

38.     In May of 2008, the Kelloughs terminated the relationship between ShoreGood and US Bottling following the Defendants refusal to provide Plaintiffs access to the complete books and records for US Bottling and its related entities, and further following Defendants' refusal to provide an accounting for monies had and received by US Bottling and Image Makers.

39.     Despite demand, Defendants William G. Voelp, John David Cecil, US Bottling and Image Makers, have failed and refused to account to the Kelloughs for funds received by or on behalf of Defendant US Bottling, funds intended for Defendant US Bottling, but actually received by Defendant Image Makers, or funds or other benefits received by the individual defendants in connection with US Bottling.

40.     Upon information and belief, Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr., while in control of Defendant US Bottling, failed and refused to provide notice of, or properly hold, meetings of the stockholders or directors of US Bottling.

41.     Upon information and belief, Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr., while in control of Defendant US Bottling, failed and refused to properly authorize or issue shares of stock in Defendant US Bottling to its equitable owners.

42.     Plaintiffs Dennis and Bonnie Kellough repeatedly requested access to Defendant US Bottling's books and records between, however Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr. provided only limited documentation.

43.     Upon information and belief, Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr. were and likely are the directors of Defendant US Bottling, and as such owe a fiduciary duty to its minority shareholder, Plaintiff Dennis S. Kellough, and to its affiliate Plaintiff ShoreGood.

44.     Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr., by virtue of their respective relationships and interests in to each other, and to Defendants US Bottling and Image Makers, were interested directors of Defendant US Bottling with respect to any transactions between Defendant US Bottling and any of them or Defendant Image Makers.

45.     Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr. never disclosed to any of the Plaintiffs the terms of any transactions between any of them or Defendant Image Makers and Defendant US Bottling, and upon information and belief, one or more of Defendants William G. Voelp, John David Cecil, John T. Cecil, Jr. and/or Defendant Image Makers entered into transactions with Defendant US Bottling which were not fair and reasonable to Defendant US Bottling and or Plaintiff ShoreGood.

46.     Plaintiff Dennis S. Kellough, the minority stockholder in Defendant US Bottling, was precluded from learning of the transactions between US Bottling and Defendants William G. Voelp, John David Cecil, John T. Cecil, Jr. and/or Defendant Image Makers, by Defendants' obfuscation of US Bottling's books and records.

47.     Plaintiff ShoreGood is the owner of the federally registered trademark Great Blue (the "Mark"), registered in connection with goods and services described as "Bottled Drinking Water."

48.     Plaintiff ShoreGood filed its application for registration of the Mark on January 23, 2003, and obtained its registration on August 10, 2004.

49.     During Defendant US Bottling's management of Plaintiff ShoreGood, Defendant US Bottling marketed and sold bottled drinking water, manufactured by Plaintiff ShoreGood, under the Mark.

50.     Plaintiff ShoreGood's bottled drinking water product, packaged with its Great

Blue Mark, was awarded the Berkely Springs International Gold Medal Award for "Best Tasting

Purified Bottled Water" (the "Award"), distinguishing itself from its competitors.

51.     Following the disassociation of Plaintiff ShoreGood from Defendant US Bottling

in May of 2008, Defendant US Bottling has used, and continues to use, the Mark in connection

with the sale of bottled drinking water product by Defendant US Bottling, which is not the

bottled drinking water product manufactured by Plaintiff ShoreGood.

52.     Defendant US Bottling's use of the Mark is without license from Plaintiff

ShoreGood.

53.     Upon information and belief, Defendants John David Cecil, John T. Cecil, Jr. and

William G. Voelp personally participated in and/or had the right and ability to supervise, direct

and control the infringement and other wrongful conduct alleged in this Complaint, and (b)

derived direct financial benefit from that infringement and other wrongful conduct.

### COUNT I
### TRADEMARK INFRINGEMENT (AGAINST DEFENDANTS US BOTTLING, JOHN DAVID CECIL, JOHN T. CECIL, JR. AND WILLIAM G. VOELP)

54.     Plaintiffs incorporate the foregoing averments as though fully set forth herein.

55.     Plaintiff ShoreGood is the owner of United States Trademark Registration No.

76484116 (the "Mark"), registered August 10, 2004, for "Great Blue" (for bottled drinking water

in Class IC 032, US 045, 046 & 048).  This registration is now valid, subsisting, uncancelled and

unrevoked.

56.     Continuously since on or about June 27, 2003, Plaintiff ShoreGood has used the

Mark in connection with and to identify its bottled drinking water products, and to distinguish

said products from similar products offered by other companies, by, and without limitation,

prominently displaying the Mark on its bottled drinking water, and advertising and promotional materials distributed in several states.  Plaintiff ShoreGood's products sold under the Great Blue mark and brand name are provided in several States, including in the State of Maryland.

57.     Defendant US Bottling has infringed the Mark in interstate commerce by various acts, including, without limitation, selling, offering for sale, promotion and advertising bottled drinking water under the name "Great Blue," including the operation of an internet web site prominently displaying, advertising and promoting bottled drinking water, not manufactured by ShoreGood, under the Great Blue name.

58.     Defendant US Bottling's use of the Mark in connection with the advertising and sale of bottled drinking water products is without license, permission or authority of Plaintiff ShoreGood, and said use is likely to cause confusion, to cause mistake and/or to deceive.

59.     Defendant US Bottling's use of the Mark in connection with bottled drinking water has been made notwithstanding Plaintiff ShoreGood's well-known and prior established rights in the Mark and with both actual and constructive notice of Plaintiff ShoreGood's federal registration rights under 15 U.S.C. § 1072.

60.     Upon information and belief, Defendant US Bottling's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff ShoreGood's business, reputation and good will in its federally registered Great Blue trademark.

61.     The US Bottling Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

62.     As a result of the US Bottling Defendants' wrongful conduct, Plaintiff ShoreGood has suffered and will continue to suffer damages.  Plaintiff ShoreGood is entitled to injunctive relief and to an order compelling the impounding and/or destruction of all products and advertising materials bearing the Mark or colorable imitations thereof.  Plaintiff ShoreGood has no adequate remedy at law for the US Bottling Defendants' wrongful conduct because among other things, Plaintiff ShoreGood's Mark is unique and valuable property which has no readily determinable market value, and the US Bottling Defendants wrongful conduct, and the resulting damage to Plaintiff ShoreGood, is continuing.

63.     The US Bottling Defendants' use of the Mark constitutes a counterfeit mark.

**WHEREFORE**, Plaintiff ShoreGood Water Company, Inc. respectfully requests that the Court issue an Order :

a.     Finding that US Bottling Company, Inc., by its agents, Defendants William G. Voelp and John David Cecil, have willfully infringed ShoreGood Water Company, Inc.'s rights in the Mark, in violation of 15 U.S.C. § 1125(a);

b.     Enjoining and restraining Defendants US Bottling Company, Inc., its agents, Defendants William G. Voelp and John David Cecil, and any other of their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with any of them, pursuant to 15 U.S.C. § 1125(a), from:

   i.   Imitating, copying, or making any other infringing use or distribution of the Mark or of any products protected by the Mark;

   ii.  Manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising,

importing, promoting or displaying any products and/or items bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the Mark;

iii. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Mark in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any product and/or item not authorized or licensed by Plaintiff ShoreGood Water Company, Inc.;

iv. Using any false designation of origin or false description which can or is likely to lead the trade, public, or individuals to erroneously believe that the product has been designed or constructed, sponsored, approved, or authorized by or for Plaintiff ShoreGood Water Company, Inc., when such is not true in fact;

v. Engaging in any other activity constituting an illegal distribution of any ShoreGood Water Company, Inc. product or item and/or an infringement of any of Plaintiff ShoreGood Water Company, Inc.'s trademarks;

vi. Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs i. through v. above.

c.      Requiring US Bottling and its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with any of them, to surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing Mark, pursuant to Section 36 of the Lanham Act (15 U.S.C. § 1118);

d.      Requiring US Bottling Company, Inc., by its agents, Defendants William G. Voelp and John David Cecil, to account to Plaintiff ShoreGood for US Bottling's profits and the actual damages suffered by Plaintiff ShoreGood Water Company, Inc. as a result of Defendant's acts or infringement;

e.      Awarding judgment in favor of Plaintiff ShoreGood Water Company, Inc. and against Defendants US Bottling Company, John David Cecil, John T. Cecil, Jr. and William G. Voelp, in an amount equal to three times Defendant US Bottling Company's profits obtained in connection with its use of the Mark, together with damages sustained by the Plaintiff ShoreGood Water Company, Inc. arising from Defendant US Bottling Company's use of the Mark, together with attorneys' fees, pre and post-judgment interest;

f.      Compelling US Bottling Company, and any other defendants who may be liable therefor, to pay Plaintiff ShoreGood Water Company, Inc.'s attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117); and

g.      Granting such other and further relief as is proper under the circumstances.

<u>COUNT **II**</u>
**FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION**
**AND FALSE DESIGNATION OF AFFILIATION (BY SHOREGOOD**
**AGAINST DEFENDANTS US BOTTLING, JOHN DAVID CECIL,**
**JOHN T. CECIL, JR. AND WILLIAM G. VOELP)**

64.     Plaintiffs incorporate the foregoing averments as though fully set forth herein.

65.     The Mark distinguishes Plaintiff ShoreGood's goods from the goods of its competitors.

66.     The US Bottling Defendants wrongful conduct includes the use of the Mark in connection with its goods.

67.     The US Bottling Defendants have engaged in this conduct willfully, with the purpose of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the goods it offers, to falsely suggest that such goods are genuine products of Plaintiff ShoreGood, and/or that Plaintiff ShoreGood has authorized by, or is involved with, US Bottling, and to trade upon Plaintiff ShoreGood's goodwill and business reputation.

68.     The US Bottling Defendants' conduct constitutes (a) false designation of origin, (b) false description, and (c) false representation that the products originate from Plaintiff ShoreGood, all in violation of § 43(a) of the Lanham Trademark Act, as set forth at 15 U.S.C. § 1125(a).

69.     The US Bottling Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

70.     As a result of the US Bottling Defendants' wrongful conduct, Plaintiff ShoreGood has suffered and will continue to suffer damages.  Plaintiff ShoreGood is entitled to injunctive relief and to an order compelling the impounding and/or destruction of all goods and materials bearing the Mark.

71.     Plaintiff ShoreGood has no adequate remedy at law for the US Bottling Defendants' wrongful conduct because, among other things, Plaintiff ShoreGood's Mark is unique and valuable property which has no readily determinable market value, and the US Bottling Defendants' wrongful conduct, and the resulting damage to Plaintiff ShoreGood, is continuing.

**WHEREFORE**, Plaintiff ShoreGood Water Company, Inc. respectfully requests that the Court enter an Order:

a.      Finding that the US Bottling Defendants have committed and are willfully continuing to commit acts of false designation of origin, false description and false designation of affiliation, all in violation of Plaintiff ShoreGood Water Company, Inc.'s rights under 15 U.S.C. § 1125(a);

b.      Finding that the US Bottling Defendants have engaged in unfair competition in violation of 15 U.S.C. § 1125(a) and Maryland common law;

c.      Granting judgment in favor of Plaintiff ShoreGood Water Company, Inc. and against the US Bottling Defendants, jointly and severally with one another, in the amount of $1,500,000.00, or such other amount as according to proof, together with pre and post-judgment interest and costs of this action; and

d.      Granting such other and further relief as is proper under the circumstances.

### COUNT III
### IMPOSITION OF CONSTRUCTIVE TRUST (AGAINST
### DEFENDANTS US BOTTLING, JOHN DAVID CECIL,
### JOHN T. CECIL, JR. AND WILLIAM G. VOELP)

72.     Plaintiffs incorporate the foregoing averments as though fully set forth herein.

73.     The US Bottling Defendants conduct described in this Complaint constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off infringing materials as genuine ShoreGood products that were approved or authorized by Plaintiff ShoreGood.

74.     By virtue of this wrongful conduct, the US Bottling Defendants have illegally received money and profits that rightfully belong to ShoreGood.

75.     Upon information and belief the US Bottling Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

76.     The US Bottling Defendants hold the money and profits they illegally received as constructive trustees for the benefit of Plaintiff ShoreGood.

**WHEREFORE**, Plaintiff ShoreGood Water Company, Inc. respectfully requests that the Court enter an Order:

a.     Declaring that Defendants US Bottling Company, John David Cecil, John T. Cecil, Jr. and William G. Voelp hold in trust, as constructive trustees for the benefit of Plaintiff ShoreGood Water Company, Inc., the illegal profits they obtained from the distribution of goods bearing the Mark, and requiring Defendants US Bottling Company, John David Cecil, John T. Cecil, Jr. and William G. Voelp to provide a full and complete accounting of all amounts due and owing to Plaintiff ShoreGood Water Company, Inc. as a result of the

Defendants US Bottling Company, John David Cecil, John T. Cecil, Jr. and

William G. Voelp's illegal activities; and

b.       Granting such other and further relief as is proper under the circumstances.

### COUNT IV
### ACCOUNTING FOR US BOTTLING
### (BY DENNIS S. KELLOUGH AGAINST DEFENDANTS WILLIAM G. VOELP,
### JOHN DAVID CECIL AND JOHN T. CECIL, JR.)

77.     Plaintiffs incorporate the foregoing averments as though fully set forth herein.

78.     Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr., as officers

and directors of Defendant US Bottling are under a legal duty to account to minority shareholder

Dennis S. Kellough, for all money and property of US Bottling, an accounting of all US

Bottling's finances, including all transactions involving US Bottling on the one part and

Defendants William G. Voelp, John David Cecil, John T. Cecil, Jr. and Image Makers on the

other part.

79.     Dennis S. Kellough has repeatedly requested an accounting of US Bottling's

finances from Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr., however

they have failed and refused to render the requested accounting.

80.     Dennis S. Kellough is fearful that unless enjoined by an order of this Court,

Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr. may attempt to change,

alter or destroy business and other records of US Bottling, and also Plaintiff ShoreGood's own

financial records as they may apply to the subject matter of this lawsuit.

**WHEREFORE**, Plaintiff Dennis S. Kellough respectfully request that the Court enter an Order:

a.  compelling Defendants William G. Voelp, John David Cecil, John T. Cecil, Jr. to provide a full and complete accounting of all sums held and disbursed by Defendant US Bottling for the period commencing January 1, 2005 and continuing through September 1, 2008, including but not limited to all funds received by Defendant US Bottling, all disbursements made by US Bottling, and all funds paid or distributed to or on behalf of Defendants William G. Voelp, John David Cecil, John T. Cecil, Jr., or Image Makers, as well as to any person related to either of them, by Defendant US Bottling;

b.  entering judgments in favor of Plaintiff Dennis S. Kellough and against Defendants US Bottling, William G. Voelp, John David Cecil, John T. Cecil, Jr., and Image Makers in such amounts as may be determined due Plaintiff Dennis S. Kellough on such account, together with pre-judgment interest, any costs associated with the accounting which may be borne by the Plaintiffs, and post-judgment interest at the legal rate; and

c.  granting such other and further relief as is proper under the circumstances

### COUNT V
### ACCOUNTING FOR SHOREGOOD (BY DENNIS S. KELLOUGH AND BONNIE M. KELLOUGH AGAINST ALL DEFENDANTS)

81.  Plaintiffs incorporate the foregoing averments as though fully set forth herein.

82.  Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr., as officers and directors of US Bottling, which for a period commencing in early 2005 and ending in mid-2008, managed the affairs of Plaintiff ShoreGood, are under a legal duty to account to Plaintiff

18

ShoreGood and its shareholders, Dennis S. Kellough and Bonnie M. Kellough, for all money and property of Plaintiff ShoreGood, an accounting of all ShoreGood's finances, including all transactions involving ShoreGood on the one part and Defendants US Bottling, William G. Voelp, John David Cecil, John T. Cecil, Jr. and/or Image Makers on the other part.

83.     Plaintiffs ShoreGood, Dennis S. Kellough and Bonnie M. Kellough have repeatedly requested an accounting of Plaintiff ShoreGood's finances for the period during which it was under the management of Defendants US Bottling, William G. Voelp, John David Cecil and John T. Cecil, Jr., however the Defendants have failed and refused to render the requested accounting.

84.     Plaintiffs are fearful that unless enjoined by an order of this Court, Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr. may attempt to change, alter or destroy business and other records of Plaintiff ShoreGood.

**WHEREFORE**, Plaintiffs ShoreGood Water Company, Inc., Dennis S. Kellough and Bonnie M. Kellough respectfully request that the Court enter an Order:

a.     compelling Defendants US Bottling Company, William G. Voelp, John David Cecil, and John T. Cecil, Jr. to provide a full and complete accounting of all sums received, held and disbursed by Plaintiff ShoreGood for the period commencing January 1, 2005 and continuing through May 8, 2008, including but not limited to all funds received by Plaintiff ShoreGood, all disbursements made by Plaintiff ShoreGood, and all funds paid or distributed to or on behalf of Defendants William G. Voelp, John David Cecil, John T. Cecil, Jr., or Image Makers, as well as to any person related to either of them by Plaintiff ShoreGood;

b.      entering judgments in favor of Plaintiffs ShoreGood, Dennis S. Kellough and

Bonnie M. Kellough, and against Defendants US Bottling Company, William G.

Voelp, John David Cecil, John T. Cecil, Jr., and Image Makers in such amounts as

may be determined due Plaintiff Dennis S. Kellough on such account, together

with pre-judgment interest, any costs associated with the accounting which may

be borne by the Plaintiffs, and post-judgment interest at the legal rate; and

c.      granting such other and further relief as is proper under the circumstances

**COUNT VI**
**PETITION FOR DISSOLUTION AND APPOINTMENT**
**OF A RECEIVER FOR US BOTTLING COMPANY**

85.      Plaintiffs incorporate the foregoing paragraphs as though fully set forth herein.

86.      Plaintiffs Dennis S. Kellough and Bonnie M. Kellough are creditors of US

Bottling by virtue of the numerous loans and advances made over the period commencing in

January of 2005 and continuing through mid-2008.

87.      Dennis S. Kellough is, upon information and belief, a 33.3% stockholder in US

Bottling.

88.      Upon information and belief, US Bottling is unable to pay its debts as they come

due.

89.      Upon information and belief, US Bottling is in the process of disposing of its

assets.

90.      US Bottling is indebted to Plaintiffs Dennis S. Kellough and Bonnie M. Kellough

in excess of $1,500,000.00 with no present ability to repay these amounts.

91.     Upon information and belief, US Bottling is indebted to William K. and Margaret B. Blanchet in the amount in excess of $200,000.00 pursuant to the Note, with no present ability to repay this amount.

92.     Upon information and belief, US Bottling is indebted to Westland Printers in the amount of $3,067.00 pursuant to a judgment entered in the District Court of Maryland for Baltimore City, Case No. 010100225582007, with no present ability to repay this amount.

93.     Upon information and belief, US Bottling is now essentially defunct.

94.     Dissolution and receivership of US Bottling is necessary and desirable to protect the interests of Plaintiffs Dennis S. Kellough and Bonnie M. Kellough, to preserve and protect the value of US Bottling against damage, loss or destruction and to collect any claims, rents, revenues or profits payable to US Bottling.

95.     Plaintiffs Dennis S. Kellough and Bonnie M. Kellough request that they be appointed Receiver of US Bottling during the pendency of US Bottling's dissolution.

**WHEREFORE**, Plaintiffs Dennis S. Kellough and Bonnie M. Kellough respectfully request that the Court issue an Order:

a.      That Plaintiffs Dennis S. Kellough and Bonnie M. Kellough be appointed as Receivers of US Bottling Company during the pendency of US Bottling Company's dissolution and until all affairs of Defendant US Bottling are settled;

b.      That Plaintiffs Dennis S. Kellough and Bonnie M. Kellough be authorized and empowered as Receivers to take any and all actions they may deem necessary and proper to manage and protect the value of US Bottling Company during the dissolution;

c.      That Plaintiffs Dennis S. Kellough and Bonnie M. Kellough be authorized and

empowered as Receivers to hire such attorneys, accountants, appraisers and

auctioneers, and such other related agents, employees or contractors as it deems

necessary to protect and preserve the value of Defendant US Bottling Company;

and

d.      Granting such other further relief as is proper under the circumstances.

### COUNT VII
**SHAREHOLDER DERIVATIVE ACTION FOR CONVERSION**
**(BY DENNIS S. KELLOUGH ON BEHALF OF US BOTTLING AGAINST IMAGE MAKERS,**
**WILLIAM G. VOELP, JOHN DAVID CECIL AND JOHN T. CECIL, JR.)**

96.     Plaintiffs incorporate the foregoing averments as though fully set forth herein.

97.     Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr. were

jointly responsible for, and did exercise control over, the management and affairs of US Bottling

at all times relevant hereto.

98.     Upon information and belief, Defendants William G. Voelp and John David Cecil

were the stockholders and directors of Defendant Image Makers.

99.     At various times between January 1, 2005 and the present, one or more of

Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr., caused US Bottling to

deposit checks payable to US Bottling into an account maintained by Image Makers (the

"Redirection"), improperly depriving US Bottling of portions of its revenue stream (the

"Diverted Funds").

100.    Upon information and belief, there was no contract between Defendants US

Bottling and Image Makers which served as any basis for the Redirection, and upon information

and belief, the Redirection was perpetrated in order to unlawfully divert funds belonging to

Defendant US Bottling to Defendant Image Makers, to the indirect detriment of Plaintiff Dennis

S. Kellough, and to the indirect benefit of Defendants William G. Voelp and John David Cecil.

101.    Defendant Image Makers' Redirection of the Diverted Funds was intentional,

without permission or justification, and constituted a conversion of monies belonging to

Defendant US Bottling.

102.    Notwithstanding US Bottling's lawful right to the Diverted Funds, US Bottling,

by and through the majority of its directors, Defendants William G. Voelp, John David Cecil

and/or John T. Cecil, Jr., has refused to take such legal action as would be necessary to obtain all

of the Diverted Funds for the use of US Bottling.

103.    Dennis S. Kellough submits that demand to the US Bottling board of directors to

take action against Image Makers to obtain the Diverted Funds would be futile, as such action

would require the management of US Bottling, i.e. Defendants William G. Voelp, John David

Cecil and/or John T. Cecil, Jr. to take action against themselves, and a company controlled by

two of the three of them, to wit, Image Makers.

104.    US Bottling's failure to bring an action against Image Makers for recover of the

Diverted Funds is without any justification whatsoever, as no valid defense exists to Image

Makers' obligation to pay US Bottling for the full amount of the Diverted Funds.

105.    Dennis S. Kellough is, upon information and belief, a stockholder of Defendant

US Bottling, a *de facto* corporation, and has so been at all times relevant hereto, from the

inception of US Bottling through the present.

106.    This action is not a collusive one to confer jurisdiction that the Court would

otherwise lack.

**WHEREFORE**, for the foregoing reasons, Plaintiff Dennis S. Kellough respectfully requests that the Court:

a.      enter judgment in favor of Plaintiff Dennis S. Kellough, to the use of Defendant US Bottling Company and against Defendants Image Makers, William G. Voelp, John David Cecil and John T. Cecil, Jr., in the amount of Five Hundred Thousand Dollars ($500,000.00), or such other amount as according to proof, together with pre and post-judgment interest and costs of this action; and

b.      grant such other and further relief as is proper under the circumstances.

### COUNT VIII
**SHAREHOLDER DERIVATIVE ACTION FOR RESCISSION
(BY DENNIS S. KELLOUGH ON BEHALF OF US BOTTLING
AGAINST DEFENDANT JOHN DAVID CECIL)**

107.    Plaintiffs incorporate the foregoing averments as though fully set forth herein.

108.    Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr. were jointly responsible for, and did exercise control over, the management and affairs of US Bottling at all times relevant hereto.

109.    Upon information and belief, Defendant John David Cecil entered into various transactions with US Bottling resulting in the payment of monies to, or conferral of other benefits upon, Defendant John David Cecil to the detriment, and/or at the expense, of US Bottling (collectively the John David Cecil Transactions") which were neither approved by a majority of the disinterested directors or shareholders of US Bottling, and which were not fair and reasonable to US Bottling, and as a result, the John David Cecil Transactions are voidable, and US Bottling is entitled to rescind these transactions and obtain the return of all monies paid to Defendant John David Cecil thereunder.

110.    Notwithstanding Defendant US Bottling's lawful right to rescind, and reclaim the funds from, the John David Cecil Transactions, US Bottling, by and through the majority of its directors, Defendants William G. Voelp, John David Cecil and/or John T. Cecil, Jr., has refused to take such legal action as would be necessary to obtain these funds for the use of US Bottling.

111.    Plaintiff Dennis S. Kellough submits that demand to the US Bottling board of directors to take action against Defendant John David Cecil to reclaim funds paid in connection with the John David Cecil Transactions would be futile, as such action would require the management of US Bottling, i.e. Defendants William G. Voelp, John David Cecil and/or John T. Cecil, Jr. to take action against one or more of themselves.

112.    US Bottling's failure to bring an action against Defendant John David Cecil to rescind the John David Cecil Transactions and recover the funds paid by US Bottling pursuant thereto, is without any justification whatsoever, as no valid defense exists to Defendant John David Cecil's obligation to repay US Bottling all funds he derived from the John David Cecil Transactions.

113.    Plaintiff Dennis S. Kellough is, upon information and belief, a stockholder of Defendant US Bottling, a *de facto* corporation, and has so been at all times relevant hereto, from the inception of US Bottling through the present.

114.    This action is not a collusive one to confer jurisdiction that the Court would otherwise lack.

**WHEREFORE**, for the foregoing reasons, Plaintiff Dennis S. Kellough respectfully requests that the Court:

a.      enter judgment in favor of Plaintiff Dennis S. Kellough, *to the use of* Defendant US Bottling Company and against Defendant John David Cecil in the amount of

Five Hundred Thousand Dollars ($500,000.00), together with pre and post-

judgment interest, costs and attorneys' fees; and

b.      grant such other and further relief as is proper under the circumstances.

### COUNT IX
**SHAREHOLDER DERIVATIVE ACTION FOR RESCISSION
(BY DENNIS S. KELLOUGH ON BEHALF OF US BOTTLING
AGAINST DEFENDANT JOHN T. CECIL, JR.)**

115.    Plaintiffs incorporate the foregoing averments as though fully set forth herein.

116.    Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr. were

jointly responsible for, and did exercise control over, the management and affairs of US Bottling

at all times relevant hereto.

117.    Upon information and belief, Defendant John T. Cecil, Jr. entered into various

transactions with US Bottling resulting in the payment of monies to, or conferral of other

benefits upon, Defendant John T. Cecil, Jr., to the detriment, and/or at the expense, of US

Bottling (collectively the John T. Cecil, Jr. Transactions") which were neither approved by a

majority of the disinterested directors or shareholders of US Bottling, and which were not fair

and reasonable to US Bottling, and as a result, the John T. Cecil, Jr. Transactions are voidable,

and US Bottling is entitled to rescind these transactions and obtain the return of all monies paid

to Defendant John T. Cecil, Jr. thereunder.

118.    Notwithstanding Defendant US Bottling's lawful right to rescind, and reclaim the

funds from, the John T. Cecil, Jr. Transactions, US Bottling, by and through the majority of its

directors, Defendants William G. Voelp, John David Cecil and/or John T. Cecil, Jr., has refused

to take such legal action as would be necessary to obtain these funds for the use of US Bottling.

119.    Plaintiff Dennis S. Kellough submits that demand to the US Bottling board of directors to take action against Defendant John T. Cecil, Jr. to reclaim funds paid in connection with the John T. Cecil, Jr. Transactions would be futile, as such action would require the management of US Bottling, i.e. Defendants William G. Voelp, John David Cecil and/or John T. Cecil, Jr. to take action against one or more of themselves.

120.    US Bottling's failure to bring an action against Defendant John T. Cecil, Jr. to rescind the John T. Cecil, Jr. Transactions and recover the funds paid by US Bottling pursuant thereto, is without any justification whatsoever, as no valid defense exists to Defendant John T. Cecil, Jr.'s obligation to repay US Bottling all funds he derived from the John T. Cecil, Jr. Transactions.

121.    Plaintiff Dennis S. Kellough is, upon information and belief, a stockholder of Defendant US Bottling, a *de facto* corporation, and has so been at all times relevant hereto, from the inception of US Bottling through the present.

122.    This action is not a collusive one to confer jurisdiction that the Court would otherwise lack.

**WHEREFORE**, for the foregoing reasons, Plaintiff Dennis S. Kellough respectfully requests that the Court:

a.      enter judgment in favor of Plaintiff Dennis S. Kellough, *to the use of* Defendant US Bottling Company and against Defendant John T. Cecil, Jr. in the amount of Five Hundred Thousand Dollars ($500,000.00), together with pre and post-judgment interest, costs and attorneys' fees; and

b.      grant such other and further relief as is proper under the circumstances.

**COUNT X**
**SHAREHOLDER DERIVATIVE ACTION FOR RESCISSION**
**(BY DENNIS S. KELLOUGH ON BEHALF OF US BOTTLING**
**AGAINST DEFENDANT WILLIAM G. VOELP)**

123.    Plaintiffs incorporate the foregoing averments as though fully set forth herein.

124.    Defendants William G. Voelp, John David Cecil and John T. Cecil, Jr. were jointly responsible for, and did exercise control over, the management and affairs of US Bottling at all times relevant hereto.

125.    Upon information and belief, Defendant William G. Voelp entered into various transactions with US Bottling resulting in the payment of monies to, or conferral of other benefits upon, Defendant William G. Voelp, to the detriment, and/or at the expense, of US Bottling (collectively the William G. Voelp Transactions") which were neither approved by a majority of the disinterested directors or shareholders of US Bottling, and which were not fair and reasonable to US Bottling, and as a result, the William G. Voelp Transactions are voidable, and US Bottling is entitled to rescind these transactions and obtain the return of all monies paid to Defendant William G. Voelp thereunder.

126.    Notwithstanding Defendant US Bottling's lawful right to rescind, and reclaim the funds from, the William G. Voelp Transactions, US Bottling, by and through the majority of its directors, Defendants William G. Voelp, John David Cecil and/or John T. Cecil, Jr., has refused to take such legal action as would be necessary to obtain these funds for the use of US Bottling.

127.    Plaintiff Dennis S. Kellough submits that demand to the US Bottling board of directors to take action against Defendant William G. Voelp to reclaim funds paid in connection with the William G. Voelp Transactions would be futile, as such action would require the management of US Bottling, i.e. Defendants William G. Voelp, John David Cecil and/or John T. Cecil, Jr. to take action against one or more of themselves.

28

128.   US Bottling's failure to bring an action against Defendant William G. Voelp to rescind the William G. Voelp Transactions and recover the funds paid by US Bottling pursuant thereto, is without any justification whatsoever, as no valid defense exists to Defendant William G. Voelp's obligation to repay US Bottling all funds he derived from the William G. Voelp Transactions.

129.   Plaintiff Dennis S. Kellough is, upon information and belief, a stockholder of Defendant US Bottling, a *de facto* corporation, and has so been at all times relevant hereto, from the inception of US Bottling through the present.

130.   This action is not a collusive one to confer jurisdiction that the Court would otherwise lack.

**WHEREFORE**, for the foregoing reasons, Plaintiff Dennis S. Kellough respectfully requests that the Court:

a.   enter judgment in favor of Plaintiff Dennis S. Kellough, *to the use of* Defendant US Bottling Company and against Defendant William G. Voelp in the amount of Five Hundred Thousand Dollars ($500,000.00), together with pre and post-judgment interest, costs and attorneys' fees; and

b.   grant such other and further relief as is proper under the circumstances.

**COUNT XI**
**SLANDER OF TITLE AND INJURIOUS FALSEHOOD**
**(BY SHOREGOOD AGAINST DEFENDANTS JOHN T. CECIL, JR.**
**AND US BOTTLING)**

131.   Plaintiffs incorporate the foregoing averments as though fully set forth herein.

132.   Defendant John T. Cecil, Jr. filed a UCC-1 financing statement, No. 181326048 (the "Cecil UCC-1") against ShoreGood with the Maryland State Department of Assessments and Taxation.

133.    The Cecil UCC-1 was recorded November 21, 2007 at 1:32 p.m.

134.    Defendant US Bottling filed a UCC-1 financing statement, No. 181326049 (the "US Bottling UCC-1") against ShoreGood with the Maryland State Department of Assessments and Taxation.

135.    The US Bottling UCC-1 was recorded November 21, 2007 at 1:32 p.m.

136.    Upon information and belief, Defendant John T. Cecil, Jr. filed the US Bottling UCC-1 on his own initiative.

137.    ShoreGood did not authorize the filing of the Cecil UCC-1.

138.    ShoreGood did not authorize the filing of the US Bottling UCC-1.

139.    Neither the Cecil UCC-1 nor the US Bottling UCC-1 (collectively the "Financing Statements") represent an agricultural lien.

140.    ShoreGood is not a party to any security agreement with either US Bottling or John T. Cecil, Jr.

141.    Neither US Bottling nor John T. Cecil, Jr. is a secured creditor of ShoreGood.

142.    Pursuant to Md. Code Ann., Comm'l Law Art., § 9-509, neither John T. Cecil, Jr. nor US Bottling was authorized to file the Cecil UCC-1 or the US Bottling UCC-1.

143.    Upon information and belief, Defendant John T. Cecil, Jr. knew or had reason to know that the Financing Statements were not authorized.

144.    Upon information and belief, Defendant John T. Cecil, Jr. knew that statements contained in and implied by the Financing Statements were false when made.

145.     Upon information and belief, Defendant John T. Cecil, Jr. filed the Financing Statements with the intent to disparage Plaintiff ShoreGood's title to its personal property and thereby interfere with ShoreGood's business relations with others, including but not limited to lending institutions, involving its personal property.

146.     Plaintiff ShoreGood's commercial lender has knowledge of the Financing Statements and as a result has threatened, and continues to threaten, declaration of a default under ShoreGood's credit facility, and has requested that Plaintiff ShoreGood refinance its existing credit facility.

147.     Plaintiff ShoreGood has incurred attorneys' fees and costs in dealing with its commercial lender to address issues pertaining to the Financing Statements.

148.     Should Plaintiff ShoreGood be forced to refinance its credit facility, it will suffer additional damages in the form of increased borrowing costs, provided it is able to obtain alternate financing.

**WHEREFORE**, Plaintiff ShoreGood Water Company, Inc. respectfully requests that the Court:

a.     Enter judgments against Defendants US Bottling and John T. Cecil, Jr., jointly and severally with one another, for special and compensatory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), or such other amount as according to proof, together with punitive damages against John T. Cecil, Jr. in the amount of $750,000.00, all with pre and post-judgment interest and costs of this action; and

b.     Grant such other and further relief as is proper under the circumstances.

<u>COUNT XII</u>
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS (BY SHOREGOOD
AGAINST JOHN T. CECIL, JR. AND US BOTTLING)**

149.     Plaintiffs incorporate the foregoing averments as though fully set forth herein.

150.     US Bottling and John T. Cecil, Jr. acted intentionally and willfully in filing the Financing Statements.

151.     The filing of the Financing Statements was calculated to cause damage to ShoreGood in its lawful business.

152.     The filing of the Financing Statements was done with the unlawful purpose to cause damage to ShoreGood in its lawful business, without right or justifiable cause on the part of US Bottling or John T. Cecil, Jr., which constitutes malice.

153.     ShoreGood has suffered actual damage from the filing of the Financing Statements.

**WHEREFORE**, Plaintiff ShoreGood Water Company, Inc. respectfully requests that the Court:

a.     Enter judgments against Defendants US Bottling and John T. Cecil, Jr., jointly and severally with one another, for special and compensatory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), or such other amount as according to proof, together with punitive damages against John T. Cecil, Jr. in the amount of $750,000.00, all with pre and post-judgment interest and costs of this action; and

b.     Grant such other and further relief as is proper under the circumstances.

## COUNT XIII
### REQUEST FOR ORDER NULLIFYING FALSE LIENS, OR IN THE ALTERNATIVE INJUNCTIVE RELIEF IN RELATION TO WRONGFULLY FILED FINANCING STATEMENTS (BY SHOREGOOD AGAINST US BOTTLING AND JOHN T. CECIL, JR.)

154.    Plaintiffs incorporate the foregoing averments as though fully set forth herein.

155.    This claim is brought pursuant to 26 U.S.C. § 7402.

156.    The Cecil Financing Statements are invalid pursuant to Md. Code Ann., Commercial Law, § 9-509(a).

157.    Plaintiff ShoreGood is suffering immediate and irreparable harm, as the existence of the Financing Statements constitutes an event of default under ShoreGood's credit facility with its commercial lender (the "ShoreGood Credit Facility").

158.    Plaintiff ShoreGood is unable to obtain alternate financing to replace its ShoreGood Credit Facility, in part due to the existence of the Financing Statements.

159.    The Financing Statements are fraudulent, as neither US Bottling nor John T. Cecil, Jr. has any security interest in Plaintiff ShoreGood's personal property.

160.    The Financing Statements are fraudulent, as Plaintiff ShoreGood never explicitly or implicitly authorized their filing.

161.    Plaintiff ShoreGood seeks to nullify and enjoin the false Financing Statements.

162.    The Financing Statements have no factual or legal basis, and no legal effect, therefore US Bottling and John T. Cecil, Jr. will not be injured by their cancellation.

163.    The public interest will be served by an order declaring the Financing Statements to be null and void.

**WHEREFORE**, Plaintiff ShoreGood Water Company, Inc. respectfully requests that the Court enter an Order:

a.   Determining, adjudging and declaring that the UCC-1 Financing Statement, Document Number 181326048, filed November 21, 2008, in the State of Maryland, by John T. Cecil, Jr. and against Plaintiff ShoreGood Water Company, Inc., to be null, void, and of no legal effect

b.   Determining, adjudging and declaring that the UCC-1 Financing Statement, Document Number 181326049, filed November 21, 2008, in the State of Maryland, by US Bottling Company, Inc. and against Plaintiff ShoreGood Water Company, Inc., to be null, void, and of no legal effect

c.   Directing the Maryland State Department of Assessments and Taxation to remove the Financing Statements, or mark them as cancelled in the public records;

d.   Compelling Defendant John T. Cecil, Jr. to authorize and file a UCC-3 termination statement terminating the Cecil UCC-1, or in the alternative naming Dennis S. Kellough trustee or attorney in fact for John T. Cecil, for the purpose of filing a UCC-3 termination statement terminating the Cecil UCC-1.

e.   Compelling Defendant US Bottling Company to authorize and file a UCC-3 termination statement terminating the US Bottling UCC-1, or in the alternative naming Dennis S. Kellough trustee or attorney in fact for US Bottling Company, for the purpose of filing a UCC-3 termination statement terminating the US Bottling UCC-1;

f.   Compelling Defendants John T. Cecil, Jr. and US Bottling to perform such other and further acts as may be reasonably necessary or appropriate to cancel and

> forever terminate the Financing Statements or in the alternative naming Dennis S.
>
> Kellough trustee or attorney in fact for John T. Cecil, Jr. and US Bottling
>
> Company, for the sole purpose of executing such further documents and taking
>
> such further acts as may be reasonably necessary or appropriate to cancel and
>
> forever terminate the Financing Statements; and

g.      Granting such other and further relief as is appropriate under the circumstances.

### COUNT XIV
#### UNJUST ENRICHMENT (BY DENNIS S. KELLOUGH AND
#### BONNIE M. KELLOUGH AGAINST US BOTTLING)

164.    Plaintiffs incorporate the foregoing allegations as though set forth herein.

165.    US Bottling was obligated by agreement of the parties to pay the operating

expenses of ShoreGood as the same came due.

166.    US Bottling failed to pay certain of the operating expenses of ShoreGood (the

"Unpaid ShoreGood Expenses") totaling approximately One Million Eight Hundred Thousand

Dollars ($1,800,000.00).

167.    Dennis and Bonnie Kellough paid the Unpaid ShoreGood Expenses from their

personal funds and from funds they personally borrowed (the "Kellough Payments").

168.    Dennis and Bonnie Kellough, by making the Kellough Payments, bestowed a

benefit upon US Bottling.

169.    US Bottling was aware of, and accepted the benefit of, the Kellough Payments.

170.    US Bottling's acceptance of the benefit of the Kellough Payments was made

under such circumstances as to render it inequitable for US Bottling to retain such benefit

without payment of its value.

**WHEREFORE**, Plaintiffs Dennis S. Kellough and Bonnie M. Kellough, respectfully request that the Court:

a.       Enter judgment in their favor, jointly, and against defendant US Bottling Company, in the amount of One Million Eight Hundred Thousand Dollars ($1,800,000.00) or such other amount as according to proof, together with pre and post-judgment interest and costs of this action; and

b.       Grant such other and further relief as is proper under the circumstances.

## COUNT XV
### MONEY LOANED (AGAINST US BOTTLING)

171.     Plaintiffs incorporate the foregoing averments as though fully set forth herein.

172.     The Kellough Payments were advanced by Dennis and Bonnie Kellough on behalf of US Bottling in order to pay the expenses of ShoreGood.

173.     The Kellough Payments constitute loans to US Bottling.

174.     US Bottling has failed and refused to repay the Kellough Payments despite demand.

**WHEREFORE**, Plaintiffs Dennis S. Kellough and Bonnie M. Kellough, respectfully request that the Court:

a.       Enter judgment in their favor, jointly, and against defendant US Bottling Company, in the amount of One Million Eight Hundred Thousand Dollars ($1,800,000.00) or such other amount as according to proof, together with pre and post-judgment interest and costs of this action; and

b.       Grant such other and further relief as is proper under the circumstances.

### COUNT XVI
### CIVIL CONSPIRACY (AGAINST IMAGE MAKERS, JOHN DAVID CECIL, JOHN T. CECIL, JR. AND WILLIAM G. VOELP)

175.    Plaintiffs incorporate the foregoing averments as though fully set forth herein.

176.    Defendants Image Makers, John David Cecil, John T. Cecil, Jr. and William G. Voelp entered into a confederation for the purpose of unlawfully or tortiously diverting monies, revenues and business opportunities away from the Plaintiffs, to, or for the direct or indirect benefit of the Defendants, and Defendants in other ways conspired to injure the Plaintiffs through their control of Defendant US Bottling and their management of Plaintiff ShoreGood.

177.    The Plaintiffs, directly and indirectly, have been damaged by the Defendants' conspiracy.

**WHEREFORE**, Plaintiffs Dennis S. Kellough, Bonnie M. Kellough and ShoreGood Water Company, respectfully request that the Court:

a.    Enter judgment in their favor, jointly, and against defendants The Image Makers, Ltd., John David Cecil, John T. Cecil, Jr. and William G. Voelp, jointly and severally with one another, in the amount of One Million Eight Hundred Thousand Dollars ($1,800,000.00) or such other amount as according to proof, together with punitive damages in the amount of One Million Eight Hundred Thousand Dollars ($1,800,000.00), together with pre and post-judgment interest and costs of this action; and

b.    Grant such other and further relief as is proper under the circumstances.

**COUNT XVII**
**REPLEVIN**

178.    Plaintiffs incorporate the foregoing averments as though fully set forth herein.

179.    ShoreGood is the owner of a trade show booth together with its attachments, components, and accessories used in connection therewith (the "Booth").

180.    The Booth consists of a black podium with ShoreGood Water Company signage, together with a background assembly bearing Great Blue signage, and other miscellaneous signage pertaining to Plaintiff ShoreGood and its products, a ground cover consisting of blue carpet, all of the foregoing together with cases and covers.  A photograph of the Booth is attached hereto as Exhibit 4.

181.    ShoreGood entrusted the Booth to Defendant US Bottling for use in connection with the companies joint business ventures.

182.    Since splitting with US Bottling, ShoreGood has demanded return of the Booth, however Defendants have refused.

183.    ShoreGood has a superior claim to any of the Defendants for possession of the Booth, and Defendants unjustly retain possession of the Booth.

184.    The Booth has a fair market value of $1,500.00.

**WHEREFORE**, Plaintiff ShoreGood Water Company respectfully requests that the Court:

a.    Promptly schedule a show cause hearing with prior notice to the Defendants to determine whether a writ of replevin should issue for the immediate seizure and delivery of the Booth to ShoreGood;

b.    Order the Clerk to issue a writ of replevin directing the United States Marshal to seize the Booth, wherever found, and return it to the rightful possession of ShoreGood Water Company, Inc.;

c.       Enter judgment awarding final possession of the Booth to ShoreGood Water

Company, Inc.;

d.       Award ShoreGood Water Company, Inc. damages for the wrongful detention of

the Booth in the amount of $1,500.00, or such other amount according to proof

together with pre- and post-judgment interest; and

e.       Grant such other and further relief as this cause may require.


                                    /s/ Andrew L. Cole
                                    Ralph Arnsdorf, Fed. Bar No. 03973
                                    Andrew L. Cole, Fed. Bar No. 14865
                                    Franklin & Prokopik, P.C.
                                    The B&O Building
                                    Two N. Charles St., Suite 600
                                    Baltimore, MD 21201
                                    Tel:  (410) 752-8700
                                    Fax:  (410) 752-6868
                                    rarnsdorf@fandpnet.com
                                    acole@fandpnet.com
                                    *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that on this 17th day of November, 2008, a copy of the foregoing

document, together with all exhibits and attachments, was served electronically *via* the Court's

ECF system upon:

                                    John A. Bourgeois, Esq.
                                    Kramon & Graham, P.A.
                                    One South Street, Suite 2600
                                    Baltimore, MD 21202-3201
                                    Email - jbourgeois@kg-law.com
                                    *Attorneys for Defendants*


                                    /s/ Andrew L. Cole
                                    Andrew L. Cole