## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

February 23, 2010

Ralph Arnsdorf, Esquire
Andrew L. Cole, Esquire
Franklin & Prokopik, P.C.
The B & O Building
Two N. Charles Street, Suite 600
Baltimore, Maryland   21201

James P. Nolan, Esquire
Council, Baradel, Kosmerl
 & Nolan, PA
125 West Street, 4th Floor
P.O. Box 2289
Annapolis, Maryland   21404

Mr. John David Cecil
320 Severn Road
Annapolis, Maryland   21401
PRO SE

Mr. John T. Cecil, Jr.
5627 Broadmoor Terrace North
Ijamsville, Maryland   21754
PRO SE

Mr. William G. Voelp
21 Nicholson Drive
Pasadena, Maryland   21122
PRO SE

Subject:   ShoreGood Water Co., Inc., et al. v. US Bottling Co., et al.
              Civil No.  RDB-08-2470

Dear Counsel and Parties:

The above referenced case was referred to me to conduct a settlement conference. By letter order dated February 19, 2010, I scheduled a settlement conference in the case. At that time, I was unaware that Judge Bennett had appointed Mr. James Nolan as the receiver for defendants, U.S. Bottling Company and The Image Makers, Ltd. Mr. Nolan was not included on the February 19th letter order. I am amending and resending the order to include Mr. Nolan.

Please be advised that a settlement conference in the above-captioned case has been scheduled for **Tuesday, August 24, 2010 at 10:00 a.m. to be held in my chambers** (Room 7C, United States Courthouse, Baltimore, Maryland). If any of you have a conflict with this date, you should submit a letter to my chambers requesting rescheduling and include alternate dates for the conference which you have confirmed are acceptable to all parties.

It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. A person with "complete authority" is someone who has the experience and judgment to exercise that authority *without having to consult*

ShoreGood Water Co., Inc., et al. v. US Bottling Co., et al.
Civil No.  RDB-08-2470
February 23, 2010
Page 2

*with anyone who is not in attendance at the settlement conference.*[1]  Attendance by the attorney for a party is <u>not</u> sufficient.  *See* Local Rule 607.3.  **Please also be advised that the conference may take the entire day.**

No later than **Tuesday, August 10, 2010** I would like to receive from each party a short letter candidly setting forth the following:

1.  Facts you believe you can prove at trial;

2.  The major weaknesses in each side's case, both factual and legal;

3. Reference to any pending dispositive or other motions that would have a significant effect on settlement for the Court to review prior to settlement (please include a  copy of the motion(s) and the paper number(s));

4.  An evaluation of the maximum and minimum damage awards you believe
 likely;

5.  The history of any settlement negotiations to date; and

6.  Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted <u>ex</u> <u>parte</u> and will be solely for my use in preparing for the settlement conference.  I also will review the pleadings in the court file.  Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify.  If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[2]

In addition to submitting <u>ex</u> <u>parte</u> letters as required above, the parties shall exchange written settlement demands/responses prior to the commencement of the settlement conference.  First, Plaintiff shall forward a written settlement demand to the Defendant(s) no later than one month prior to the settlement conference.

---

[1] This requirement will only be waived upon a showing of exceptional circumstances.  If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration <u>at</u> least two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner.  Counsel should obtain the position of opposing counsel regarding their request and note that position in their letter to me.

[2] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.  The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the settlement conference.

<u>ShoreGood Water Co., Inc., et al. v. US Bottling Co., et al.</u>
Civil No. RDB-08-2470
February 23, 2010
Page 3

Plaintiff's demand shall particularize, at a minimum, each category of damages claimed and the method by which it was calculated, as required by Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure. Plaintiff's demand also shall include any request for non-monetary relief and the explanation and basis therefore. Defendant(s) shall respond, also in writing, within one week of receiving the demand. The response shall address each category of damages claimed and shall likewise identify any evidentiary support for Defendant(s)' response. If the Defendant(s) intends to respond to the demand by offering nothing, that shall be expressly stated and the response will include an explanation for this position. This correspondence between the parties shall be included with the <u>ex parte</u> letters submitted to the Court. Failure to comply with the requirements of this paragraph may result in the postponement or continuation of the settlement conference.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

          Very truly yours,

          /s/
          Beth P. Gesner
          United States Magistrate Judge


cc:    Judge Bennett