IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHOREGOOD WATER                 *
COMPANY, INC., *et al.*,

    Plaintiffs,                          *

        v.                             *      Civil Action No. RDB 08-2470

U.S. BOTTLING COMPANY, *et al.*,     *

    Defendants.                    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM OPINION**

ShoreGood Water Company, Inc. ("ShoreGood"), Dennis Kellough, and Bonnie Kellough (together "Plaintiffs"), filed suit against U.S. Bottling Company ("U.S. Bottling"), The Image Makers, Ltd. ("Image Makers"), William Voelp ("Voelp"), John D. Cecil ("Cecil"), and John T. Cecil, Jr. ("Cecil Jr.") (together "Defendants"), asserting various causes of action and seeking relief as a result of a failed business venture between the parties. Voelp and Cecil, proceeding *pro se*, each subsequently asserted counterclaims along with their respective answers to Plaintiffs' complaint. On October 19, 2009, Defendants were granted leave to submit amended counterclaims against the Plaintiffs and third party complaints against Dennis S. Kellough, LLC ("DSK") and Jeremy Martin ("Martin") (together "Third Party Defendants").[1] Currently pending before this Court is the Third Party Defendants' Motion to Dismiss Third-Party Complaints Filed by William G. Voelp and John David Cecil (Paper No. 82). Specifically,

---

[1] The allegations in the two Amended Counterclaims are substantively identical; the only difference between them is the substitution of the Counterclaimants' individual names. Accordingly, the citations to paragraph numbers in this opinion pertain to both Amended Counterclaims. *See* Defendant Voelp's Answer and Amended Counterclaim (Paper No. 58); Defendant Cecil's Answer and Amended Counterclaim (Paper No. 61).

the Third Party Defendants move to dismiss Counts I, II, III, and VIII, those claims relating to the "Agreement 2," and Counts XI and XII, the shareholder derivative claims. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons stated below, Third Party Defendants motion to dismiss is DENIED IN PART and GRANTED IN PART, specifically, the motion is denied as to Counts I, II, III, and VIII, but granted as to Counts XI and XII.

## BACKGROUND

The underlying factual allegations of the Defendants' counterclaims and third party claims have been fully explicated in the background section of this Court's Memorandum Opinion of February 24, 2010 (Paper No. 92).[2]

In each of their amended counterclaims, Voelp and Cecil assert the following causes of action against Dennis S. Kellough, LLC: specific performance (Count I); breach of contract (Count II); promissory estoppel (Count III); civil conspiracy (Count V); unjust enrichment and violation of fiduciary duty (Count VI); tortious interference (Count VII); wrongful termination of contract (Count VIII); *quantum meruit* (Count IX); fraud in the inducement (Count X); and shareholder derivative actions on behalf of U.S. Bottling (Count XI) and Image Makers (Count XII). In addition, Voelp and Cecil have named Martin as a third party defendant in the civil conspiracy claim (Count V) and the two shareholder derivative actions (Counts XI and XII). The Third Party Defendants challenge, in whole or in part, several of the causes of action set forth in the amended counterclaims under Federal Rules of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

---

[2] The background facts that relate to the Plaintiffs' underlying suit against the Defendants are provided in this Court's Memorandum Opinion of August 10, 2009 (Paper No. 35). *See ShoreGood Water Co., Inc. v. U.S. Bottling Co.*, No. 08-2470, 2009 U.S. Dist. LEXIS 69624 (D. Md. Aug. 10, 2009).

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See id.* (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* On a spectrum, the Supreme Court has recently explained that the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## DISCUSSION

I. **Counts I, II, III and VIII: Claims Relating to "Agreement 2"**

The Third Party Defendants contend that Counts I, II, III, and VIII must be dismissed because they fail to state a claim against Dennis S. Kellough, LLC ("DSK"). Each of these claims is based on an alleged contract, which the Amended Counterclaims refer to as "Agreement 2." The Third Party Defendants claim that the Amended Counterclaims fail to properly allege that DSK is a party to "Agreement 2."

After considering all of the allegations in the Amended Counterclaims in the light most favorable to Voelp and Cecil, this Court finds that DSK is properly alleged to be a party to "Agreement 2." The allegations provide that pursuant to Agreement 2, all of the individual and corporate parties agreed to operate as a *de facto* merged entity going forward. It is alleged in the Amended Counterclaims that "US Bottling Company, Image Makers, DSK, Point to Point Logistics, LLC and Image Real Estate Group, LLC moved forward under Agreement 2 and operated in a de facto merger by agreement and action." (Am. Countercls. ¶ 69.) It is also alleged that "ShoreGood, DSK, Dennis Kellough and Bonnie Kellough are subject to Agreement 2 through expressed contract" and "through implied Contract by their actions and conduct indicating all parties intention to make the Agreement." (*Id.* ¶¶ 119, 120, 128, 129, 140, 141.) These allegations are set forth with adequate specificity and Third Party Defendant DSK was placed on sufficient notice of the claims asserted against it. Accordingly, the Third Party Defendants' motion to dismiss is DENIED as to Counts I, II, III, and VIII.

II. **Counts XI and XII: Shareholder Derivative Claims**

In Counts XI and XII of their amended counterclaims, Voelp and Cecil assert shareholder derivative claims on behalf of U.S. Bottling and Image Makers, respectively.

A shareholder derivative claim is a cause of action that belongs to the corporation. Accordingly, under Maryland law and Federal Rule of Civil Procedure 23.1, "a shareholder must first make a good faith effort to have the corporation act directly and explain to the court why such an effort either was not made or did not succeed." *Werbowsky v. Collomb*, 362 Md. 581, 600, 766 A.2d 123 (Md. 2001); *see also Hawes v. Oakland*, 104 U.S. 450, 460-61 (1881) ("Before the shareholder is permitted in his own name, to institute and conduct a litigation which usually belongs to the corporation, he should show, to the satisfaction of the court, that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes.") In addition, Rule 23.1 mandates that the claimant asserting a derivative suit "state with particularity" the circumstances surrounding any efforts to have the corporation pursue redress. Fed. R. Civ. P. 23.1.

In this case, Counterclaimants failed to plead with sufficient specificity the reasons why the corporation was either unable or unwilling to pursue redress. They have alleged that both U.S. Bottling and Image Makers have instituted legal proceedings, but that such measures cannot be maintained because each corporation "lacks the financial resources to seek the justice that it deserves." Am. Counterclms. ¶¶ 265, 282. The allegations do not explain whether the corporations ever exhausted their legal proceedings, nor do they describe the circumstances surrounding the corporations' actions in seeking redress.

Furthermore, pursuant to this Court's Memorandum Order of February 9, 2010 (Paper No. 87), a receiver has been appointed for U.S. Bottling and Image Makers, and the receiver thereby acquired the right to assert any causes of action on behalf of the corporations. The appointment of a receiver does not automatically foreclose the right of a shareholder to bring a derivative action. *See Womble v. Dixon*, 585 F. Supp. 728, 732 (E.D. Va. 1983). Nevertheless,

when a shareholder seeks to assert a cause of action on behalf of a corporation in receivership, the shareholder must allege with particularity any efforts to have the receiver institute suit, or why such efforts would be futile. Because there are no allegations with respect to the receiver,[3] Voelp and Cecil lack standing to assert the pending shareholder derivative claims. Accordingly, the Third Party Defendants' motion to dismiss is granted as to those claims set forth in Counts XI and XII.

## CONCLUSION

For the foregoing reasons, Third Party Defendants' Motion to Dismiss Third-Party Complaints Filed by William G. Voelp and John David Cecil (Paper No. 82) is DENIED IN PART and GRANTED IN PART. A separate Order follows.


Date : May 11, 2010                            /s/_____
                                               Richard D. Bennett
                                               United States District Judge

---

[3] There are no allegations regarding the receiver due to the obvious fact that the pending shareholder derivative claims predate the appointment of a receiver in this case.