_____ FILED        _____ ENTERED
_____ LOGGED       _____ RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

MAY 1 2 2010

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

|  |  |  |  |
|---|---|---|---|
| SHOREGOOD WATER COMPANY, INC., *et al.*, | * | | |
| | * | BY | DEPUT' |
| Plaintiffs, | * | | |
| v. | * | Civil Action No. RDB-08-2470 | |
| US BOTTLING COMPANY, *et al.*, | * | | |
| Defendant | * | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION FOR JUDGMENT BY DEFAULT TO BE ENTERED AGAINST DENNIS S. KELLOUGH, BONNIE M. KELLOUGH AND SHOREGOOD WATER COMPANY

Defendant William G. Voelp (Voelp), acting *pro se*, pursuant to Rule 55 of the Federal Rules of

Civil Procedure, moves this Court to enter an Order for Judgment by Default against Dennis S.

Kellough, Bonnie M. Kellough and ShoreGood Water Company (ShoreGood) and for this cause of

action states as follows:

## MEMORANDUM IN SUPPORT OF WILLIAM G. VOELP'S MOTION FOR DEFAULT JUDGMENT AGAINST DENNIS S. KELLOUGH, BONNIE M. KELLOUGH AND SHOREGOOD WATER COMPANY

1.    ShoreGood, Dennis S. Kellough and Bonnie M. Kellough are represented by Counsel

Andrew L. Cole, Esquire of Franklin & Prokopik.

2.    ShoreGood, Dennis S. Kellough and Bonnie M. Kellough filed suit in Federal Court on

September 19, 2008.

3.    Voelp filed Counterclaims (Document 44) against Dennis S. Kellough, Bonnie M. Kellough and ShoreGood Water Company in the Civil Action No. RDB-08-2470 on August 31, 2009.

4.    The Court issued a Scheduling Order (Document 49) on September 14, 2009 based upon Voelp's answer to the original complaint.

5.    ShoreGood, Dennis S. Kellough and Bonnie M. Kellough file a motion to dismiss Voelp's Counterclaim.

6.    Voelp filed his motion for leave to file first amended counterclaims on October 14, 2010 reflected in Document 58.

7.    The Court granted Voelp's motion for leave to file amend counterclaims on October 19, 2010 reflected in Document 68.

8.    ShoreGood, Dennis S. Kellough and Bonnie M. Kellough filed a motion (Document 70) to dismiss Voelp's first amended counterclaim.

9.    Voelp filed his opposition (Document 80) to counterclaim-defendants' motion to dismiss Voelp's first amended counterclaims.

10.    The Court Granted a consent motion to extend discovery and modify the Scheduling Order on February 17, 2010 evidenced in Document 88.

11.    The Court issued a Memorandum Opinion (Document 92) and Order (Document 93) on February 24, 2010 Granting in part and Denying in part the motion to dismiss filed by ShoreGood, Dennis S. Kellough and Bonnie M. Kellough.

12.    Surviving Plaintiff's Motion to Dismiss Amended Counterclaim of William G. Voelp as follows:

      a.  Count IV except the collection of attorney's fees;

    b.   Count VII except for tortious interference with the prospective business relations with Sun Opta;

    c.   Counts I, II, III and VIII

13.    Federal Rules of Civil Procedure, Rule 12 (4)(A) states, "Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action."

14.    Federal Rules of Civil Procedure, Rule 6 calls for a due date of a responsive pleading or answer to be filed on or by March 10, 2010.

15.    The time within which ShoreGood, Dennis S. Kellough and Bonnie M. Kellough may answer or otherwise move with respect to the counterclaim in Document 58 has expired; the counterclaim-defendants have not answered or otherwise moved with respect to the counterclaims, and the time for counterclaim-defendants to do so has not been extended.

16.    Said counterclaim-defendants are not infants or incompetents.  Counterclaim-defendants are not presently in the military service of the United States.

17.    By the date of the filing of this motion for Default Judgment the responsive pleading or answer is 61 (sixty one) days past the time by rule.

18.    Voelp has been unable to begin discovery as the counterclaims have not been answered by ShoreGood, Dennis S. Kellough or Bonnie M. Kellough.

19.    Voelp should be able to begin discovery as to claims made by ShoreGood, Dennis S. Kellough and Bonnie M. Kellough without regard to Voelp's counterclaims by Default Judgment.

20.     Federal Rules of Civil Procedure, Rule 55 (b)(2) states, "the party must apply to the court for a default judgment."

21.     To determine the amount of the judgment Voelp must conduct an accounting and determine the amount of damages.

**WHEREFORE,** William G. Voelp respectfully requests that the Court issue and Order:

a.      Granting the motion for Judgment by Default, and

b.      Granting the motion for Judgment by Default as it pertains to William G. Voelp's First Amended Counterclaims as follows:

      1.      Count IV except the collection of attorney's fees;

      2.      Count VII except for tortious interference with the prospective business relations with Sun Opta;

      3.      Counts I, II, III and VIII, and

c.      Granting Voelp the full ability to conduct an accounting to determine the amount of damages in the counterclaims, and

d.      Granting such other and further relief as is appropriate.


Respectfully submitted,


William G. Voelp
*Pro Se*
21 Nicholson Dr.
Pasadena, MD 21122
443-995-3410
bill@voelpfamily.com

4

## Certificate of Service

I HEREBY CERTIFY that on this 11th day of May 2010, a copy of the foregoing document,

together with all exhibits and attachments, was served *via* USPS first class mail, postage prepaid, upon:

Franklin & Prokopik, P.C.
Andrew L. Cole
The B&O Building
Two N. Charles St., Suite 600
Baltimore, MD 21201

Mr. John David Cecil
320 Severn Rd.
Annapolis, MD 21401

Mr. John T. Cecil
5627 Broadmoor Terrace North
Ijamsville, MD 21754

The Image Makers, Ltd.
c/o its Resident Agent
J. David Cecil
320 Severn Rd.
Annapolis, MD 21401

_____
William G. Voelp