IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)



| | |
|---|---|
| SHOREGOOD WATER COMPANY, INC., *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Action No. RDB-08-2470 |
| US BOTTLING COMPANY, *et al.*, | * |
| Defendant | * |

* * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF VOELP'S MOTION
### FOR DEFAULT JUDGMENT ANSWERING COUNTER-DEFENDANT'S OPPOSITION

Counter-Defendants Dennis S. Kellough, Bonnie M. Kellough and ShoreGood Water Company, through their counsel, filed *Plaintiff's Opposition to Defendant William G. Voelp's Motion for Judgment by Default to be entered against Dennis S. Kellough, Bonnie M. Kellough and ShoreGood Water Company* (the "Motion"). William G. Voelp (Voelp) is filing this Memorandum in Support of the Motion and states as follows:

### Factual and Procedural Background

1. Voelp filed a *Memorandum in Support of William G. Voelp's Motion for Default Judgment Against Dennis S. Kellough, Bonnie M. Kellough and ShoreGood Water Company* with the Default Motion and files this secondary Memorandum in response to Counter-Defendant's Opposition evidenced as Document 101.

2. Voelp is not an attorney, nor is he represented by an attorney.

3. Counter-Defendants incorrectly purport that the parties had "been discussing this case and a related case pending in Baltimore County Circuit Court fairly consistently via email and telephone…" when in fact Voelp understood the parties to be discussing the case pending in Baltimore County Circuit Court via email and telephone fairly consistently and this case rarely, if at all.

4. Voelp relayed to Counter-Defendant on March 24, 2010 in person, while attending a deposition in the Baltimore County Circuit Court case, that he awaited an answer and a court decision to fully begin discovery in the Federal case that is the subject of this Memorandum.

5. Voelp understands the natural order of proper discovery in any case to truly begin with an answer to claims which then leads to proper interrogatories which then allows for complete and proper depositions which then leads to properly formed statements of facts.

6. Voelp would have been severely handicapped by guessing at discovery questions, without the benefit of his counterclaims being answered, especially since he is *pro se*.

7. In Counter-Defendant's Opposition, Paragraph 8, the claim is made that, "…this assertion is belied by the fact that Mr. Voelp has been discussing discovery with the Counter-Defendants since February without once mentioning that he felt he could not commence for any reason." This assertion is completely false. Discovery discussions have primarily been centered around the Baltimore County Circuit Court case and not this Federal case. Voelp did mention that he felt he could not begin discovery in the Federal case until the claims were answered.

8. Voelp and Andrew Cole, counsel for Counter-Defendants, discussed Voelp's issues with the starting of discovery prior to the Court ruling on the Motion and Counter-Defendant's answer. These issues were discussed in conjunction with the filing of a Joint Motion to extend discovery contemplating the Courts ruling on Counter-Defendant's Motion to Dismiss.

9. The Court granted that Motion to extend discovery on February 17, 2010 evidenced in Document 88.

10. Voelp was awaiting the answer to the Counterclaims and realized that important dates had passed in the revised scheduling order while he had not yet received an answer to the Counterclaims as required by rule.

11. Based upon the current Scheduling Order issued as Document 88 on February 17, 2010 the time has now elapsed for the Moving for joinder of additional parties without the benefit of any discovery time from the time having received the answers to counterclaims.

12. Based on the current Scheduling Order Voelp has only a short time to disclose any experts and must complete all discovery by August 2, 2010.

13. Voelp, acting *pro se,* discussed with Andrew Cole, counsel for Counter-Defendants, about the possibility of a joint motion to move discovery deadlines, which remains a possibility, if the Court would choose to grant such a request.

### Argument

14. Voelp has suffered prejudice from Counter-Defendants delay in filing answers by having the deadline pass prior to even receiving answers to join additional parties or amend pleadings that may be revealed as a byproduct of proper discovery.

15. Voelp continues to suffer prejudice by the current deadlines that compress discovery into a time period that does not give proper time for full discovery.

16. Counter-Defendants argue in Paragraph 17 that, "Mr. Voelp's substantive claims are weak, and based upon indirect rights which Mr. Voelp claims as personal but which in all likelihood

would be long to US Bottling were they to have any merit at all." This issue was considered by the Court and denied as a Motion to dismiss which the subsequent answer to which is the subject matter of this Default. Any legal conclusions by Mr. Cole is presumptuous at best, and certainly not a strong enough conclusion to survive a dismissal Motion.

17. Voelp, acting *pro se*, spoke to Andrew Cole, counsel for Counter-Defendants, and indicated that this Memorandum would be filed in support of the Motion for Default Judgment.

**WHEREFORE,** Defendant William G. Voelp, acting *pro se,* respectfully requests that the Court GRANT the Motion for Default Judgment.

William G. Voelp
*Pro Se*
21 Nicholson Dr.
Pasadena, MD 21122
443-995-3410
bill@voelpfamily.com

## Certificate of Service

I HEREBY CERTIFY that on this 24th day of May 2010, a copy of the foregoing document, together with all exhibits and attachments, was served *via* electronic mail as agreed by all parties, upon:

Franklin & Prokopik, P.C.
Andrew L. Cole
The B&O Building
Two N. Charles St., Suite 600
Baltimore, MD 21201
acole@fandpnet.com

Mr. John T. Cecil
5627 Broadmoor Terrace North
Ijamsville, MD 21754
jceciljr@aol.com

Mr. John David Cecil
320 Severn Rd.
Annapolis, MD 21401
329David@Comcast.net

The Image Makers, Ltd.
US Bottling Company
James Nolan, Esq.
Council, Baradel, Kosmerl & Nolan, P.A.
Nolan@cbknlaw.com

*Receiver for US Bottling Company and The Image Makers, Ltd.*

_____
William G. Voelp